**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JPMorgan Chase Bank, N.A., | Case No. <u>16-mc-80220-EMC (DMC)</u> |
| Applicant, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| Brian Berson, | |
| Respondent. | |

**PROTECTIVE ORDER**

WHEREAS, JP Morgan Chase Bank, N.A. ("Chase") served a Subpoena on Brian Berson seeking documents relevant to *Mansor v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-CV-10544-JGD, pending in the United States District Court for the District of Massachusetts ("*Mansor* Action"*)*;

WHEREAS, Mr. Berson has documents responsive to the Subpoena which contain confidential and/or personal identifying information;

WHEREAS, the parties have agreed to, and the Court hereby enters, this Protective Order ("Order") to limit the inappropriate or unlawful disclosure of such confidential and personal identifying information;

NOW THEREFORE, it is hereby ordered, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the procedures set forth herein shall govern the production and use of all documents under the Subpoena.

**DEFINITIONS**

A. The "Action" means all proceedings in the above-styled action.

B. The "*Mansor* Action" means the case-captioned *Mansor v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-CV-10544-JGD, pending in the United States District Court for the District of Massachusetts.

B. "Party" means all the current and any future parties to this Action.

C. "Third-Party" means any natural person, partnership, corporation, association, or other legal entity not a party to this Action.

D. "Producing Party" means Mr. Berson.

E. "Outside Counsel" means the law firm(s) that have entered an appearance for one or more Parties in the Action or, such additional law firm(s) that enter an appearance for a Party in the Action, and the law firm(s) designated by a Third-Party to respond to discovery requests by the Parties in the Action, including, with respect to each of the foregoing, their associated attorneys and other

1  persons regularly employed by them, and temporary personnel retained by them to perform legal or
2  clerical duties or to provide logistical litigation support in the Action.
3       F.   "In-House Counsel" means any attorney who is an employee in the legal department of a
4  Party whose responsibilities include overseeing or other involvement in or with respect to the Action.
5       G.   "Expert/Consultant" means experts or other consultants (and their assistants and staff)
6  who are not employed by or otherwise regularly affiliated with any Party but are retained to assist a
7  Party or Outside Counsel in the Action and who agree in writing to be subject to and bound by the terms
8  of this Protective Order.
9       H.   "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure
10 34(a) and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule
11 1001 of the Federal Rules of Evidence and ESI as defined in the Federal Rules of Civil Procedure.
12 Without limiting the generality of the foregoing, "document" includes the complete original or a true,
13 correct and complete copy and any non-identical copies of any written or graphic matter, no matter how
14 produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope,
15 telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map,
16 study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing
17 card, printout, microfilm, index, computer readable media or other electronically stored data,
18 appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or
19 communication or any other data compilation, including all drafts of all such documents.  "Document"
20 also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data
21 compilations from which information can be obtained, and includes all drafts and all copies of every
22 such writing or record that contain any commentary, note, or marking whatsoever not appearing on the
23 original.
24      I.   "Discovery Material" includes without limitation deposition testimony, deposition
25 exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether paper or
26 electronic and whether generated or received by the Party possessing them) disclosed by a Party or
27 Third-Party in connection with the Action, including those produced pursuant to compulsory process or
28 voluntarily.

**TERMS AND CONDITIONS**

1. <u>General Terms</u>.

(a) This Protective Order shall govern all Discovery Material in the Action. This Protective Order is binding upon Chase, including its corporate parent, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees.

(b) All Discovery Material in the Action may be used only to evaluate, prosecute or defend a claim in this Action or the *Mansor* Action and for no other purpose, including any business purpose.

2. <u>Scope</u>. All documents produced by Mr. Berson in response to the Subpoena will be deemed "CONFIDENTIAL" without the need for Mr. Berson to affix a label on the document or any physical medium, such as a CD-Rom, DVD, that is produced to Chase. Mr. Berson has a good faith belief that the documents responsive to the Subpoena contain information protected from disclosure by statute or regulation or other law or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or sensitive business or commercial information that Mr. Berson believes is not public or otherwise generally known in the relevant industry.

3. <u>Disclosure of "Personal Identifying Information</u>."

(a) "Personal Identifying Information," shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 *et seq.*, and its implementing regulations, including, but not limited to, any portion of a mortgage loan file or other document which includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit), together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. As set forth in Section 3(b) below, this Order authorizes the disclosure of such Personal Identifying Information in this action.

(b) To the extent any federal or state law or other legal authority governing the disclosure or use of Personal Identifying Information (hereinafter, "Personal Identifying Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Personal Identifying Information Law requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Personal Identifying Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Personal Identifying Information. To the extent that any Personal Identifying Information Law requires that any person or entity be notified prior to disclosure of Personal Identifying Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit either Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Personal Identifying Information Law.

(c) All Parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, and any other "personal identifying information," as defined by applicable laws or regulations.

(d) Chase will redact personal identifying information from all documents produced by Mr. Berson prior to further dissemination of those documents to others, including to other counsel in the *Mansor* Action.

4. <u>Control of Documents</u>. Counsel for Chase shall make reasonable efforts to prevent unauthorized disclosure of Documents designated as "CONFIDENTIAL" pursuant to the terms of this Order. Counsel for Chase will, prior to disclosing the Documents, affix to each document or to the label on the document or any physical medium, such as a CD-Rom, DVD, a label designating the material as "CONFIDENTIAL."

(a) <u>Copies</u>. Prior to disclosure by Chase to any person authorized under this Order, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Documents designated as "CONFIDENTIAL" under this Order, or any individual portion of such a Document, shall be affixed with the appropriate designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Documents or otherwise disclose the substance of the confidential information contained in those Documents.

5. <u>Protection of Confidential Documents</u>.

(a) <u>General Protections</u>. Documents designated "CONFIDENTIAL" under this Order, and any summaries, copies, abstracts or other documents derived in whole or in part from Documents so designated shall be disclosed only to the persons identified in Paragraphs 5(b) below, and such Documents shall be used only in connection with the prosecution, defense, appeal, or settlement of this Action or the *Mansor* Action.

(b) <u>Disclosure of "CONFIDENTIAL" Material</u>. Disclosure of Documents provided by Mr. Berson is limited to the following:

(1) Outside Counsel for Chase and employees of Outside Counsel who have responsibility for the preparation and trial of the *Mansor* Action;

(2) Plaintiffs and other potential members of the putative class in the *Mansor* Action;

(3) Chase and employees of Chase, expressly including In-House Counsel;

(4) Court reporters and recorders engaged for depositions or other proceedings in the *Mansor* Action;

(5) Contractors, such as those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents and completing other litigation support tasks but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound or, if such contractors are already bound by separate confidentiality agreements, no additional certification is needed;

(6) Consultants, investigators, and Experts/Consultants (hereinafter referred to collectively as "Experts/Consultants") employed or retained by Chase, its Outside Counsel or Plaintiffs' counsel in the *Mansor* Action to assist in the preparation and trial of the *Mansor* Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Persons who authored the Document, persons who received the Document prior to the date of this Order, or persons who had lawful access to it while employed by a party to the *Mansor* Action, or any witness whose deposition is noticed to be taken in and/or who has been identified as a witness in the trial of the *Mansor* Action where there is evidence that such witness has personal knowledge of the information or documents containing the information;

(8) The Court and court personnel in the above-styled action and in the *Mansor* Action; and

(9) Other persons only by written consent of Mr. Berson or upon order of this Court and on such conditions as may be agreed or ordered. All such persons shall execute the

certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

6.    Action by the Court. Applications for an order relating to Documents designated "CONFIDENTIAL" or to disclose redacted Personal Identifying Information shall be by motion to this Court under the applicable rules. Nothing in this Order or any action or agreement of a Party under this Order limits either this Court's power or the *Mansor* Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

7.    Use of Confidential Documents or Information at Trial. To the extent "CONFIDENTIAL" Documents or information derived therefrom may be presented at a trial in the *Mansor* Action, the parties to the *Mansor* Action shall identify the issue, not the information, in the pretrial memorandum to the *Mansor* Court. The *Mansor* Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

8.    Obligations on Conclusion of Litigation.

(a)    Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal in the *Mansor* Action.

(b)    Return of Designated Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Documents produced under this Order, including copies as defined in paragraph 4(a), shall be returned to Mr. Berson unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving Party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated as

confidential. This work product shall continue to be subject to the restrictions and confidentiality provisions of this Order.

9. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

10. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Document or information designated "CONFIDENTIAL" is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

11. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon Mr. Berson and Chase, and all other persons receiving Documents subject to this Order.

12. <u>Miscellaneous</u>.

(a) Nothing in this Order shall bar or otherwise restrict any Outside Counsel or In-House Counsel from discussing this action and/or rendering legal advice to his or her client with respect to the *Mansor* Action and, in the course thereof, relying upon his or her examination of designated Documents provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of designated Documents to any person not entitled to have access to it.

(b) Nothing in this Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or Documents from the Party's own files which the Party has designated as "CONFIDENTIAL."

(c) If any authority subpoenas or orders Chase to produce documents or information designated "CONFIDENTIAL" under this Order, Chase shall promptly notify Mr. Berson of the

pendency of the subpoena or order as to enable Mr. Berson with reasonable time to object or to take other appropriate steps to protect the information from disclosure, and shall not make early disclosure of any Documents in a manner that might prejudice Mr. Berson's ability to take such action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   December 9, 2016          /s Thomas F. Carlucci
                                   Attorneys for JP Morgan Chase, N.A.

DATED: December 9, 2016            /s Brian Berson
                                   Brian Berson

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: December 19, 2016           _____
                                   Donna M. Ryu
                                   United States Magistrate Judge

*IT IS SO ORDERED* — Judge Donna M. Ryu

# ATTACHMENT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMorgan Chase Bank, N.A., ) <br> ) <br>         Applicant, ) <br> ) <br> vs. ) <br> ) <br> Brian Berson, ) <br> ) <br>         Respondent. ) <br> ) <br> ) | Case No. 16-mc-80220-EMC (DMC) <br><br> **ACKNOWLEDGMENT** <br> **AND** <br> **AGREEMENT TO BE BOUND** |

      The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of California in matters relating to the Order and understands that the terms of the Order obligate him/her to use documents designated CONFIDENTIAL solely for the purposes of the above-captioned action and the *Mansor* Action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

      The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:    _____

                                  _____

                                  _____

Date: _____   _____
                                    Signature

4839-2462-4957